UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO GARCIA JIMENEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 21-cv-04967-VC <br><br> **ORDER DENYING MOTION TO REMAND** <br><br> Re: Dkt. No. 15 |

      The plaintiff's remand motion is denied. Removal to federal court is appropriate where a court "finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B). The amount in controversy "reflects the *maximum*" potential recovery and includes, in a case arising under California's Song-Beverly Act, both civil penalties and attorney's fees. *Arais v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002) ("[T]here is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy.").

      Ford has met its burden to show that the amount in controversy surpasses the jurisdictional threshold. The removal notice specifies the vehicle's suggested retail price of $70,620, includes a declaration and attached invoice attesting to the price's accuracy, and calculates the potential double civil penalty of $141,240. It also explains that, even with a mileage offset, the buyback price plus civil penalties would exceed the $75,000 threshold. On

top of that, Ford has provided a purchase agreement showing that the plaintiff bought the vehicle at issue for $85,201.36. These records, taken in their entirety, show that the amount at issue exceeds $75,000.

The plaintiff argues that the purchase agreement is hearsay, which it says cannot be considered in assessing the amount in controversy. But courts routinely consider hearsay evidence in this context. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (rejecting the argument that "affidavits are insufficient to establish the amount in controversy requirement because they contain inadmissible hearsay); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (explaining that "the substantive jurisdictional requirements of removal do not limit the types of evidence that may be used"); *Knowles Publishing v. American Motorists Insurance Co.*, 2001 WL 85914, at *3 (5th Cir. 2001) (noting that even if "affidavits may be hearsay," they are nonetheless "admissible for proving the amount in controversy"). Business records, in any event, fall within a hearsay exception. Fed. R. Evid. 803(B)(6).

**IT IS SO ORDERED.**

Dated: November 5, 2021

VINCE CHHABRIA
United States District Judge