UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO GARCIA JIMENEZ, et al., Plaintiffs, v. FORD MOTOR COMPANY, Defendant. | Case No. 21-cv-04967-VC  **ORDER RE JUDGMENT AND ATTORNEYS' FEES AND COSTS**  Re: Dkt. Nos. 32, 33, 41 |

The motions for attorneys' fees and costs are granted in part, and judgment is entered against Ford consistent with the parties' Rule 68 settlement.

1. *Request to Keep Case Open.* The parties' request to keep the case open until the terms of the settlement are completed is denied. *See* Dkt. No. 41. Ensuring compliance with a consummated settlement agreement is not a reason to keep a case open. If a party fails to comply with a settlement agreement, the opposing party has remedies regardless of whether the case is open.

2. *Untimely Opposition to Motions for Attorneys' Fees and Costs.* Under Rule 6(b)(2), a court may, in its discretion, accept late filings "upon motion made" where the late filing was the "result of excusable neglect." Fed. R. Civ. P. 6(b)(2). Ford did not file a motion under Rule 6(b)(2), but instead submitted its untimely opposition with an explanation of the delay. The Court may construe this opposition as a Rule 6(b)(2) motion because the plaintiffs were put on notice of the request and had a meaningful opportunity to respond. *Cf. Lujan v. National Wildlife Federation*, 497 U.S. 871, 897 n.5 (1990).

Given the minimal risk of prejudice, the short delay, the reasons given for the delay, and Ford's apparent good faith, Ford's late submission was the result of excusable neglect, and the

Court accepts the filing. *See Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). *See also id.* (holding that excusable neglect "covers cases of negligence, carelessness and inadvertent mistake").

3. *Award of Attorneys' Fees and Costs.* The plaintiffs are awarded $16,323.50 in attorneys' fees and $1,384.40 in costs under the Song-Beverly Act—the amount requested, less the fees and costs incurred after the plaintiffs rejected Ford's first Rule 68 offer.[1] The plaintiffs ultimately accepted an identical Rule 68 offer three months later. Under Rule 68, "plaintiffs who fail to accept an initial reasonable offer will not recoup [post-offer] attorney's fees [or costs] if the case is settled by a later offer of lesser or equivalent value." *Lang v. Gates*, 36 F.3d 73, 76 (9th Cir. 1994). *See also Zhang v. BMW of North America, LLC*, No. LACV1802684JAKAGRX, 2018 WL 11357141, at *5 (C.D. Cal. Nov. 29, 2018). Rule 68 does not conflict with California's substantive law: If this case were litigated in state court, California's Rule 68 analogue would likewise prohibit the recovery of post-offer fees and costs. *See, e.g., Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 724–28 (2007). Rule 68 therefore precludes recovery of all attorneys' fees and costs incurred after the rejection of the initial offer—including the fees and costs incurred in connection with the motions for fees and costs. The remainder of the fees and costs are reasonable.

Given the relative simplicity of this case, a lodestar multiplier is not justified. *See Zhang*, 2018 WL 11357141, at *6–7 (C.D. Cal. Nov. 29, 2018). *See also id.* at *7 ("A contingent risk does not require the application of a fee multiplier.").

**IT IS SO ORDERED.**

Dated: August 8, 2022

VINCE CHHABRIA
United States District Judge

---

[1] The plaintiffs' failure to meet and confer in person or via phone does not justify denying the motions for fees and costs. *See, e.g., Yue v. Storage Technology Corp.*, No. C07-05850 JW, 2008 WL 4185835, at *7 (N.D. Cal. Sept. 5, 2008).